UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

COLUMBUS LIFE INSURANCE COMPANY,

        Plaintiff,

    v.

GAVIN HILL, an individual, KRISTAN HILL-LOVE, aka "Kristan L. Love," an individual, HOLLY LOOMAN, an individual, KYLE HILL, an individual, KATRINA CLEMONS, an individual, and DOES 1-20, inclusive,

        Defendants.
_____/

NO. CIV. 2:09-cv-0947 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Columbus Life Insurance Company's ("plaintiff" or "Columbus") motions for order granting discharge in interpleader and for attorneys' fees and costs.  None of the defendants oppose plaintiff's motion for discharge.  Defendants Gavin Hill, Holly Looman, Kyle Hill, and Katrina Clemons do not oppose plaintiff's motion for attorneys'

1

fees and costs, but defendant Kristan Hill-Love ("Hill-Love") objects to the award of any attorneys' fees or costs from the interpleaded funds. Accordingly, and for the reasons set forth below,[1] plaintiff's motion for order granting discharge is GRANTED, and plaintiff's motion for attorneys' fees and costs is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff issued a life insurance policy (the "Policy") to the late Garla Quarnberg ("Quarnberg"), dated November 16, 1994, with a death benefit of $50,000. (Compl. In Interpleader ("Compl."), filed Apr. 6, 2009, ¶ 9.) The original named beneficiary of the Policy was Quarnberg's husband, Max Quarnberg, who died on or about October 12, 2005, and the original contingent beneficiaries were "all surviving children equally." (Id. ¶¶ 10-11.) Subsequently, plaintiff received a change of beneficiary form, dated November 3, 2005, which listed "Kristan L. Love" as the sole beneficiary and "Myranda & Savannah Love" as the sole contingent beneficiaries. (Id. ¶ 12.) Quarnberg died on or about June 30, 2008, and the death benefits became payable under the Policy. (Id. ¶ 13.)

By telephone call made on July 16, 2008, and fax sent on July 17, 2008, defendant Gavin Hill made a claim to plaintiff for the death benefit proceeds of the Policy. (Id. ¶ 14.) Specifically, he contended that defendant Hill-Love had committed "personal credit, medical, and life insurance" fraud. (Id.) On

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

or about August 21, 2008, defendant Hill-Love also made a claim to the death benefit proceeds of the Policy as the primary beneficiary. (Id. ¶ 15.)

On April 6, 2009, because of the potentially conflicting claims to the death benefit proceeds under the Policy, plaintiff filed a Complaint in Interpleader pursuant to 28 U.S.C. § 1335(a). Plaintiff deposited the sum of $51,517.81, representing the amount due under the Policy plus interest, with the Clerk of the United States District Court for the Eastern District of California. (Id. ¶ 16.)

**ANALYSIS**

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." Abex Corp. v. Ski's Enter., Inc., 748 F.2d 513, 516 (9th Cir. 1984) (citing Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982)). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." Trustees of the Directors Guild of Am.-Producer Pension Benefits Plan v. Tise, 234 F.3d 415, 426 (9th Cir. 2000). The availability of such fees "recognizes that by bringing the action, the plaintiff benefits all parties 'by promoting early litigation on the ownership of the fund, thus preventing dissipation.'" Id. (quoting Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962)).

"Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from

3

liability." Id. Due to this limitation, "attorneys' fees to the 'distinterested interpleader plaintiff are typically modest." Id. Indeed, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." Id.

In this case, plaintiff seeks attorneys' fees in the amount of approximately $14,918.00 from the interpleaded fund of $51,517.81. The court concludes that this amount is unreasonable, both with respect to the rate charged and the hours expended, and well exceeds the "modest" amount of attorneys' fees contemplated in an interpleader action.

**1.   Reasonable Rate**

In order to decide what rate is "reasonable," courts look at "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity"). Determination of a reasonable hourly rate is not made merely by reference to rates actually charged by the prevailing party. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, the rate assessed is based on the prevailing rate in the relevant community *for similar work*. Id. at 1211; Blum, 465 U.S. at 895 n. 11.

Generally, the relevant community is the forum in which the district court sits. Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991). However, rates outside the forum may be used

4

"if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

In this case, plaintiff's primary counsel seeks the court's approval of a rate of $450.00 per hour.[2] Plaintiff has neither established that $450 is a reasonable hourly rate for the filing of an interpleader complaint in Sacramento, nor that this action required unique expertise that could not be obtained locally. Further, plaintiff has failed to present evidence that $450 is even the prevailing rate for this work in San Francisco, where plaintiff's law firm is located. Rather, the court concludes that a reasonable hourly rate for plaintiff's counsel is $250 per hour billed. This figure represents the prevailing rate for similar work in the relevant community of Sacramento in the Eastern District of California, which is the venue of this action.

**2.   Reasonable Hours Expended**

In determining the reasonable hours expended, the party seeking attorneys' fees bears the burden of submitting detailed time records which justify the hours spent working on the claims. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (district court

---

[2] Plaintiff's billing sheets include charges for hours billed by L.J. Hightower, at the rate of $140/hr., and by J. Lee, at the rate of $145/hr. Because plaintiff does not include information regarding who these individuals are, in what capacity they worked on the case, or what the reasonable rates for such work would be in Sacramento, the court cannot account for such fees in its order.

should exclude hours not "reasonably expended"). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433; Chalmers, 796 F.2d at 1210.

After a review of the parties' submissions, plaintiff's billing records, and the docket in this case, the court concludes that the hours expended on this matter are excessive. Plaintiff's counsel has documented 30.1 hours of work in connection with this case. However, the court concludes that only the expenditure of 15 hours is reasonable under the circumstances.

### 3. Equitable Concerns

"The award of attorney fees is fundamentally a matter of discretion of the trial court." Schirmer Stevedoring, 306 F.2d at 194. Where the nature of the underlying dispute in a interpleader action involves the proceeds of insurance policies, courts have considered that "[s]uch disputes are part of the ordinary course of business for an insurance company" and that to award an insurance company fees and costs would be to permit that company "to shift some of its ordinary business expenses to the claimants." Mutual of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 517 (E.D. Pa. 1982) (citing Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 830 (S.D.N.Y. 1977); Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds by bringing an action for interpleader.").

1  The court concludes that based upon the nature of the
2 underlying litigation, plaintiff's request for attorneys' fees
3 should be reduced.  However, the court also concludes that
4 because plaintiff's role in this litigation was prolonged, at
5 least in part, due to defendant Hill-Love's conduct,[3] the award
6 of some attorneys' fees is appropriate.  As such, the court
7 concludes that equity requires plaintiffs' request for attorneys'
8 fees to be reduced by half.

9  In sum, plaintiff is entitled to the recovery of documented
10 costs, which totals $698.05.  Plaintiff is also entitled to the
11 recovery of $1875 in attorneys' fees (($250/hr x 15 hrs.) ÷ 2 =
12 $1875).  As such, plaintiff is awarded $2,573.05 in fees and
13 costs to be awarded from the interpleaded fund.[4]

## CONCLUSION

15  For the foregoing reasons, plaintiff's motion for order
16 granting discharge is GRANTED, and plaintiff's motion for
17 attorneys' fees and costs is GRANTED in part and DENIED in part.
18 /////
19 /////
20 /////

---

[3] Plaintiff presents evidence that defendant Hill-Love refused to stipulate to a discharge.  While the court acknowledges that defendant Hill-Love also objected to the amount of attorneys' fees, defendant Hill-Love could have significantly narrowed the issues at an earlier stage in the litigation, before plaintiff's counsel had to file this motion.

[4] After a review of the submissions of the parties, the court denies defendant Hill-Love's request that any award be postponed until the merits of the underlying dispute are resolved.  The court also denies defendant Hill-Love's request that the other defendants bear responsibility for any award of fees and costs.

1  IT IS SO ORDERED.
2  DATED: September 16 , 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE